**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1916-22

EILEEN DONNERSTAG,

      Plaintiff-Appellant,

v.

WINCHESTER GARDEN,
a/k/a SPRING POINT, and
BRENDA WHITE,

      Defendants-Respondents.

_____

          Submitted April 23, 2024 – Decided May 9, 2024

          Before Judges Perez Friscia and Torregrossa-O'Connor.

          On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-4436-20.

          Dunne, Dunne & Cohen, LLC, attorneys for the appellant (Frederick Richard Dunne, III, on the briefs).

          Burns White LLC, attorneys for the respondent Winchester Garden (Erika Lynne Lower, on the brief).

PER CURIAM

Plaintiff Eileen Donnerstag appeals from the January 16, 2023 Law Division orders, which dismissed her complaint without prejudice granting in part defendant Winchester Garden's[1] motion to dismiss with prejudice, and denied her cross-motion to amend the complaint providing twenty days to replead.[2] Based on our review of the record and applicable law, we affirm.

I.

Donnerstag began employment in 2013 as a live-in caregiver for co-defendant Brenda White, a resident of Winchester. In July 2018, Donnerstag fell ill and lost her voice for three months. After noticing mold while working at Winchester, Donnerstag became concerned it was causing her health issues and alerted Winchester. Donnerstag terminated her employment in 2021, believing the mold caused her continued pulmonary and respiratory issues and the contamination was not remediated.

---

[1] The parties' merits briefs also refer to defendant Winchester Garden as Winchester Gardens. We refer to defendant as Winchester.

[2] Because Donnerstag did not amend her complaint within the twenty days permitted and instead filed this appeal, we treat the January 16, 2023 order as a final order. See Johnson v. City of Hoboken, 476 N.J. Super. 361, 370 (App. Div. 2023).

A-1916-22

On July 1, 2020, Donnerstag filed her initial complaint, which was dismissed for lack of prosecution on January 15, 2021. After Donnerstag's motion to reinstate was granted, Winchester filed an answer and cross-claims. On August 12, Winchester moved for summary judgment. On October 18, the motion judge granted summary judgment without prejudice, allowing Donnerstag thirty days to replead. Donnerstag failed to timely file an amended complaint. A new attorney in the same firm assumed representation and submitted an amended complaint on June 14, 2022, which was rejected as untimely.

On July 6, Winchester moved to dismiss with prejudice. On August 23, Donnerstag cross-moved to amend the complaint, adding Synergy Homecare as a co-defendant. After argument, on January 16, 2023, the judge rendered written decisions and accompanying orders. He granted in part Winchester's motion to dismiss with prejudice, dismissing the complaint without prejudice, and denied Donnerstag's proposed amendment, permitting a final opportunity to amend the complaint within twenty days. Donnerstag did not amend.

On appeal, Donnerstag argues the judge erroneously denied her motion to amend her complaint finding: the non-moving parties would be prejudiced, and

A-1916-22

the amendments were futile; and that the claims were precluded under the Workers' Compensation Act (WCA), N.J.S.A. 34:15-1 to -147.

## II.

We review de novo a trial court's order dismissing a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e).  See Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021).  We "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary."  Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).  "When deciding a motion to dismiss under Rule 4:6-2(e), the test to determine 'the adequacy of a pleading' is 'whether a cause of action is "suggested" by the facts.'"  Doe v. Estate of C.V.O., 477 N.J. Super. 42, 54 (App. Div. 2023) (quoting MasTec Renewables Constr. Co. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020)).

"[W]e assume that the allegations in the pleadings are true and afford the [pleading party] all reasonable inferences."  Sparroween, LLC v. Township of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017).  We are not concerned

with a pleading party's ability to prove its allegations.  Printing Mart, 116 N.J. at 746.  "Nonetheless, 'the essential facts supporting plaintiff's cause of action must be presented in order for the claim to survive; conclusory allegations are insufficient in that regard.'"  AC Ocean Walk, LLC v. Am. Guarantee & Liab. Ins. Co., 256 N.J. 294, 311 (2024) (quoting Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012)).  "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference."  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Rule 4:9-1 provides motions for leave to amend should be liberally granted at any stage of the proceedings.  "We review a trial court's decision to grant or deny a motion to amend the complaint for abuse of discretion."  Grillo v. State, 469 N.J. Super. 267, 275 (App. Div. 2021) (quoting Port Liberte II Condo. Ass'n, Inc. v. New Liberty Residential Urb. Renewal Co., 435 N.J. Super. 51, 62 (App. Div. 2014)).  "In exercising that discretion, a court must" conduct "a two-step process" determining whether (1) "the non-moving party will be prejudiced," and (2) "granting the amendment would nonetheless be futile."  Ibid. (quoting Notte v. Merchs. Mut. Ins. Co., 185 N.J. 490, 501 (2006)).  When considering "the factual situation existing at the time each motion is

made," a court is "free to refuse leave to amend when the newly asserted claim is not sustainable as a matter of law." Notte, 185 N.J. at 501 (quoting Interchange State Bank v. Rinaldi, 303 N.J. Super. 239, 256-57 (App. Div. 1997)). "In other words, 'there is no point to permitting the filing of an amended pleading when a subsequent motion to dismiss must be granted.'" Webb v. Witt, 379 N.J. Super. 18, 29 (App. Div. 2005) (quoting Interchange State Bank, 303 N.J. Super. at 256-57).

III.

We first address Donnerstag's contention that reversal is warranted because her proposed amended negligence claims would not result in undue delay and are permitted in the interest of justice. The record establishes Donnerstag sought to file her amended complaint seven months after the initial thirty-day period permitted for her to replead by November 17, 2021. After Donnerstag's amended complaint was untimely submitted on June 14, 2022, and rejected, Winchester moved to dismiss with prejudice. Notably, Donnerstag's proposed amended complaint added Synergy, an employer, as a new party almost two years after filing the original complaint and four years "since July 2018" when she "suffered" the alleged medical complications. The record

6

establishes Donnerstag failed to timely file her amended complaint and thus an undue delay would result.

Donnerstag further argues the amended complaint should be permitted because she only learned through discovery—after working in the same position for several years—that Synergy, her employer, was an indispensable party. She posits, without explaining the cause for the delay, that newly discovered evidence established Winchester and Synergy "negligently failed to adequately repair the properties' mold infestation" and committed "negligent maintenance between July 18, 2020 and September 2021." These contentions fail to support Donnerstag's argument that the late amendment is "in the interest of justice."

Donnerstag next argues the proposed amended complaint "adequately state[d] a cause of action" because it provided "Synergy was her actual employer and that Winchester [wa]s simply the managing company of Synergy." We are unpersuaded. As the judge recognized, Donnerstag's proposed amended complaint was futile because it alleged negligence claims against Winchester and Synergy—her identified employers. See Caraballo v. City of Jersey City Police Dep't, 237 N.J. 255, 264 (2019) (stating that in exchange for guaranteed benefits under the WCA, "the employee agrees to forsake a tort action against

the employer" (quoting <u>Ramos v. Browning Ferris Indus., Inc.</u>, 103 N.J. 177, 183 (1986))).

Specifically, the complaint averred Synergy was "a live-in caregiver service," Winchester was "the managing company for Synergy," and "Donnerstag was an employee at Synergy." Relevantly, the complaint further stated, "[d]efendants were the employers of . . . [Donnerstag]" and "[we]re vicariously liable for injuries sustained within the scope of employment." (Emphasis added). Liberally reviewing the complaint, Donnerstag's reference to Winchester as the managing company of Synergy does not fairly contravene her assertion that Winchester was her employer. Therefore, no cognizable negligence claim can be readily discerned against either Winchester or Synergy as the WCA bars negligence claims against an employer. A court may only draw a reasonable inference from the pleadings. <u>Baskin</u>, 246 N.J. at 171.

We also reject Donnerstag's argument that the claims as pleaded against Winchester are not barred by the "Exclusive Remedy Provision" of the WCA. "The [WCA] reflects 'a historic trade-off whereby employees relinquish[] their rights to pursue common-law remedies in exchange for automatic entitlement to certain, but reduced, benefits whenever they suffer[] injuries by an accident arising out of and in the course of employment.'" <u>Caraballo</u>, 237 N.J. at 264

(alterations in original) (quoting Stancil v. ACE USA, 211 N.J. 276, 285 (2012)).

"Generally, when the parties have accepted the provisions of the [WCA], 'the agreement operates as an employee's surrender of other forms of remedies.'" Hocutt v. Minda Supply Co., 464 N.J. Super. 361, 370 (App. Div. 2020) (quoting Van Dunk v. Reckson Assocs. Realty Corp., 210 N.J. 449, 459 (2012)).

The WCA provides an "Exclusive Remedy Provision" which states that an agreement to accept benefits

> shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in this article and an acceptance of all the provisions of this article, and shall bind the employee and for compensation for the employee's death shall bind the employee's personal representatives, surviving spouse and next of kin, as well as the employer, and those conducting the employer's business during bankruptcy or insolvency.
>
> If an injury or death is compensable under this article, a person shall not be liable to anyone at common law or otherwise on account of such injury or death for any act or omission occurring while such person was in the same employ as the person injured or killed, except for intentional wrong.
>
> [N.J.S.A. 34:15-8 (emphasis added).]

Our Supreme Court has established the "substantial-certainty test" for determining an intentional wrong under the WCA. See Van Dunk, 210 N.J. at 461. "In adopting a 'substantial-certainty' standard," the Court "acknowledge[d] that every undertaking, particularly certain business judgments, involve some risk, but that willful employer misconduct was not meant to go undeterred. The distinctions between negligence, recklessness, and intent are obviously matters of degree, albeit subtle ones." Millison v. E. I. du Pont de Nemours & Co., 101 N.J. 161, 178 (1985). The Court elucidated, "an intentional wrong is not limited to actions taken with a subjective desire to harm, but also includes instances where an employer knows that the consequences of those acts are substantially certain to result in such harm." Laidlow v. Hariton Mach. Co., 170 N.J. 602, 613 (2002).

Again, Donnerstag's proposed amended complaint stated Winchester managed Synergy, and both employed her. A liberal review of the proposed amended complaint fails to glean sufficient allegations supporting intentional conduct by either Winchester or Synergy within the exception to the exclusive remedy provision. Irrespective of Donnerstag's failure in the proposed complaint to use descriptive intentional conduct language and cite the WCA intentional wrong exception, she failed to assert facts that would fairly lend to

discern intentional acts of mold concealment. We concur with the judge's finding that Donnerstag's claims "d[id] not allege facts that establish[ed] a basis for intentional conduct within the ambit of the narrow exception to N.J.S.A. 34:15-8." "[A] motion to amend is properly denied where . . . allowing the amendment would unduly protract the litigation." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.2.1 on R. 4:9-1 (2024). A motion to amend may also be denied where allowing the amendment is futile as the proposed pleading still failed to assert a claim upon which relief could be granted. Webb, 379 N.J. Super. at 28.

In sum, the judge did not abuse his discretion in denying the motion to amend. See Prime Acct. Dep't v. Township of Carney's Point, 212 N.J. 493, 511 (2013). Donnerstag's pleading lacked any assertions that Synergy or Winchester either intended to or were substantially certain their conduct would cause Donnerstag to suffer harm from exposure to mold as a live-in caregiver at Winchester's facility. The single allegation in the complaint that "[d]efendants . . . willfully, negligently, and recklessly avoid[ed] repair" was insufficient to state an intentional wrong under the WCA.

Finally, Donnerstag argues for the first time on appeal that there was no special employment relationship[3] with Winchester; thus, the WCA bar is inapplicable due to the absence of an employer-employee relationship. While mentioned by Donnerstag's counsel at oral argument before the motion judge, the lack of a special relationship was not averred in the amended complaint or motion papers. We generally decline to consider questions or issues not presented to the trial court when an opportunity for such a presentation is available unless the questions raised on appeal concern jurisdiction or matters of great public interest. Nieder v. Royal Indem. Ins. Co., 62 N.J. 229, 234 (1973); see also Zaman v. Felton, 219 N.J. 199, 226-27 (2014). We add only the following comments.

In his written decision, the judge provided Donnerstag a second opportunity to amend and correct any deficiency, noting if she alleged "Winchester [was] a client or customer of Synergy. . . . [she] may have a viable claim." The judge permitted "an additional—and final—opportunity" for

---

[3] To determine a special employer-special employee relationship, a court must consider whether: (1) there is a "contract of hire, express or implied" between the employee and special employer; (2) the employee does work that is "essentially that of the special employer"; (3) "the special employer has the right to control the details of the work"; (4) the employee's wages are paid by the special employer; and (5) the special employer retains the right "to hire, discharge[,] or recall the employee." Kelly v. Geriatric & Med. Servs. Inc., 287 N.J. Super. 567, 571-72 (App. Div. 1996).

Donnerstag "to re-plead within [twenty] days" and directed an amended complaint "must allege facts establishing that [Donnerstag] was an employee of Synergy, but not Winchester." As Donnerstag failed to further amend her complaint, pursuant to the judge's January 16, 2023 order permitting her to replead within twenty days, dismissal with prejudice was warranted.

To the extent not addressed, Donnerstag's remaining arguments lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1916-22